**UNITED STATES of America,**

v.

**Carl MORGAN, Jr., Luke E. Kusek, Luke J. Kusek, and Hom Gurung, Defendants.**

**No. S 86 Cr. 83 (SWK).**

United States District Court, S.D. New York.

Oct. 8, 1986.

Silber & Rubin, New York City by Merrill W. Rubin, for defendant Carl Morgan, Jr.

Rudolph W. Giuliani, U.S. Atty., New York City by Robert Folks, for U.S.

KRAM, District Judge.

Presently before the Court is defendant Carl Morgan's motion to suppress all statements he made to Udaya Thakur in January 1986, as well as all evidence obtained from information contained in those statements. Defendants Luke E. Kusek and Luke J. Kusek join in this motion. Morgan argues that the statements were obtained in violation of his right to counsel as guaranteed by the Sixth Amendment to the United States Constitution.[1] The Government argues that Morgan's Sixth Amendment right to counsel had not attached in the federal proceedings against Morgan

when Morgan made his statements to Thakur.

In March 1984, Morgan was indicted in the State of Delaware on charges which included conspiring to traffic in narcotics. During the course of a separate federal investigation of Morgan, federal agents arrested Thakur, allegedly a Morgan confederate. Thakur agreed to engage in monitored conversations with Morgan. These conversations began on January 15, 1986. They terminated on January 21, 1986, a complaint was filed against Morgan in the Southern District of New York.[2]

In *Maine v. Moulton,* —— U.S. ——, 106 S.Ct. 477, 484, 88 L.Ed.2d 481 (1985), the Supreme Court reaffirmed the principle that the Sixth Amendment right to counsel ataches at the "critical" stages of a criminal proceeding, when judicial proceedings have been initiated against a defendant. In *Moulton,* the Court ruled that statements made by Moulton to his co-defendant, a secret Government informant, after Moulton's indictment and at a meeting of the two to plan defense strategy, were inadmissable against Moulton at his trial. The Court ruled that such statements had been obtained in violation of Moulton's Sixth Amendment rights.

The Solicitor General argued in *Moulton* that the statements were admissible because the police had other legitimate reasons for listening to Moulton's conversations, namely, to investigate other crimes Moulton was allegedly planning. *Id.* at 488–89. The Court rejected this as a basis for allowing the statements to be admitted, reaffirming its holding in *Massiah v. United States,* 377 U.S. 201, 207, 84 S.Ct. 1199, 1203, 12 L.Ed.2d 246 (1964) that while police may continue to investigate surreptitiously the suspected criminal activities of

---

1. Morgan's factual contentions are, not contained in affidavits, but rather are asserted in his brief in support of this motion. The Government does not dispute that Morgan was under indictment on drug charges in Delaware state court when he made statements to Thakur in 1986. The Government argues that, nevertheless, Morgan is not entitled to relief.

2. Morgan claims that the Government's purpose in initiating and recording the Thakur-Morgan conversations was to obtain evidence for the Delaware proceeding. This allegation is wholly unsupported, and, in light of the federal complaint filed against Morgan just six days later, highly unlikely. Nor does Morgan show that any of the evidence obtained through Thakur was used in Delaware. The court thus disregards this assertion.

a defendant after his indictment, the defendant's own incriminating statements gained in such an investigation could not be used at the defendant's trial. *Id.,* 106 S.Ct. at 499.

■ The Court also stated, however, that "to exclude evidence pertaining to charges as to which the Sixth Amendment right to counsel had not attached at the time the evidence was obtained, simply because other charges were pending at the time, would unnecessarily frustrate the public's interest in the investigation of criminal activities". *Id.* Thus, incriminating statements pertaining to pending charges obtained in violation of the Sixth Amendment, are not admissible against the defendant at the trial of those charges, notwithstanding the fact that the police obtained those statements while investigating other charges. *Id.* However, "[i]ncriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses". *Id.* at 490, n. 16.

■ Adversarial proceedings against Morgan did not begin in the instant case until January 21, 1986, the date the complaint was filed against him. Thus, his right to counsel had not attached in this case when the Government initiated the Thakur-Morgan conversations. The statements he made to Thakur prior to January 21, 1986 are thus admissible against Morgan in this trial. The fact that Morgan was under indictment in Delaware state court on other charges at the time the Government obtained the statements does not, under *Moulton,* render the Government's actions unconstitutional. Any grounds for suppression based on the existence of the Delaware indictment would arise only in the Delaware proceedings. Accordingly, Morgan's motion to suppress the statements he made to Thakur on or between January 15, 1986 and January 21, 1986, on the grounds that they were obtained in violation of his Sixth Amendment right to counsel, is denied.

SO ORDERED.